**Order entered July 23 2021**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00431-CV

### BRADLEY B. MILLER, Appellant

### V.

### MEREDITH LEYENDECKER, BETH TAYLOR, THE HOCKADAY SCHOOL, VIRGINIA TALLEY DUNN, PATRICIA ROCHELLE, DAVID H. FINDLEY, ANDREA PLUMLEE, CITY OF DALLAS, MICHAEL CHARLES KELLER, AND LACIE DARNELL, Appellees

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-15614**

### ORDER
Before Chief Justice Burns, Justice Goldstein, and Justice Smith

It is well-settled that an appeal may only be taken from a final judgment that disposes of all parties and claims or from an interlocutory order as authorized by statute. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). The appeal here is from five orders dismissing ten of fourteen defendants. Four of the orders grant the Rule 91a motions to dismiss brought by appellees Meredith

Leyendecker, Beth Taylor, The Hockaday School, Virginia Talley Dunn, Patricia Rochelle, David H. Findley, the City of Dallas, Michael Charles Keller, and Lacie Darnell. *See* TEX. R. CIV. P. 91a (dismissal of baseless causes of action). The fifth order grants the plea to the jurisdiction of appellee Judge Andrea Plumlee, Presiding Judge of the 330th Judicial District Court. While the orders dismiss the claims against the appellees, claims for attorney's fees of at least one of the appellees remain pending as do claims against three other defendants.[1] The orders are, therefore, interlocutory and appealable only if authorized by statute.

No statute authorizes an appeal from an interlocutory order granting a Rule 91a motion to dismiss. *See Gause v. Triumph Hosp. of N. Houston, L.P.*, No. 14-18-00723-CV, 2018 WL 6217412, at *1 (Tex. App.—Houston [14th Dist.] Nov. 29, 2018, no pet.) (per curiam) (mem. op.). However, an interlocutory order that grants a plea to the jurisdiction by a governmental unit as defined in section 101.001 of the Texas Civil Practice and Remedies Code is appealable, and courts are included within that definition. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(a)(8), 101.001(3)(A). Accordingly, we conclude the only appealable order is the order granting Judge Plumlee's plea to the jurisdiction[2] and **DISMISS** from

---

[1] The fourteenth defendant was dismissed by agreed order, and that order is not on appeal.

[2] We gave the parties an opportunity to file jurisdictional briefing, and only appellant, Judge Plumlee, the City of Dallas, Keller, and Darnell responded. In her jurisdictional brief, Judge Plumlee focuses on the lack of finality, urging the appeal as a whole should be dismissed. We are obligated, however, to determine whether we have jurisdiction over any portion of the appeal.

the appeal Leyendecker, Taylor, The Hockaday School, Dunn, Rochelle, Findley, the City of Dallas, Keller, and Darnell. *See* TEX. R. APP. P. 42.3(a). The appeal shall proceed only as to Judge Plumlee.

An appeal from an interlocutory order granting a plea to the jurisdiction by a governmental unit is accelerated, *see id.* 28.1(a), and must be filed within twenty days of the date the order is signed or, with an extension motion, within fifteen days of that deadline, *see id.* 26.1(b), 26.3. The order granting Judge Plumlee's plea was signed May 14, 2021, making the notice of appeal due June 3 or, with an extension motion, June 18. *See id.* 26.1(b), 26.3. The notice of appeal was filed June 11, but no extension motion has been filed. Accordingly, we **ORDER** appellant to file, no later than August 3, 2021, an extension motion that complies with appellate rule 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3(b). We caution appellant that failure to comply may result in dismissal, without further notice, of the appeal as to Judge Plumlee. *See id.* 42.3(a),(c).

The deadline for filing the reporter's record remains suspended.

/s/ ROBERT D. BURNS, III
   CHIEF JUSTICE